```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

SHAWN S. BITTAR,

        Plaintiff,

v.                            Case No. 8:15-cv-218-T-33TGW

DEPARTMENT OF DEFENSE, ET AL.,

        Defendants.

_____/

**ORDER**

This matter comes before the Court sua sponte. The Court determines that Bittar's pro se Complaint is subject to dismissal. However, in the interest of fairness, the dismissal is without prejudice and with leave to amend on or before March 23, 2015.

**I.  Background**

On February 2, 2015, Shawn S. Bittar filed a pro se Complaint naming the following as Defendants: Department of Defense; Department of the Navy; DODEA School Administration; Military Police of the Navy Station GTMO; NCIS; FBI; Captain Hibbert (the Captain of the Navy Base); the teacher Miss Jonelle Kirberger; WT Sampson Elementary School; Miss Angela Mahoon (the Vice Principal of the School); Officer Jodi Hurlbut and his family; and Officer Michael Powell and his family. (Doc. # 1). The Complaint is not divided into discrete counts and generally alleges that Bittar and his

family were subjected to "racism." (Id. at 2). Bittar indicates that while he "was stationed in Guantanamo Bay as a sub Federal Contractor" his ten-year-old son was enrolled in WT Sampson Elementary School. (Id. at 1). Bittar alleges, "my son . . . and my family faced all kind of Racism from his teacher Miss Jonelle Kirberger, Guantanamo Bay Officers, WT Elementary School, some of the teachers, Miss Angela Mahon, Captain Hibbert (the captain of the Navy Base), NCIS, and FBI Agent, the Navy Station Military Police, Officer Jodie Hurlbut, Officer Michael Powell and others. The Department of the Navy and Department of Defense." (Id.).

The Complaint also vaguely mentions blackmail, blowing the whistle, and corruption; however, these allegations are not described with any detail. The Complaint is not organized into numbered paragraphs, and the allegations are not set forth such that the Court can determine which contentions are arrayed against which of the Defendants. Furthermore, while Bittar claims that he "put up with the circumstances for a while because my employer (Advanced Torres Enterprises) . . . blackmailed me," he has not named Advanced Torres Enterprises as a defendant in the Complaint. (Id. at 2). Bittar seeks "one Billion dollar ($1000,000,000) as a compensation for this case." (Id. at 4).

2

**II. <u>Discussion</u>**

Rule 8 of the Federal Rules of Civil Procedure sets forth the "general rules of pleading." Section 8(a)(1) requires that a complaint state the grounds for the court's jurisdiction. In addition, under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing pleader is entitled to relief." The purpose of Rule 8(a)(2), as explained in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Therefore, "a complaint's factual allegations must be enough to raise a right to relief above the speculative level." <u>Davis v. Coca-Cola Bottling Co. Consol.</u>, 516 F.3d 955, 974 (11th Cir. 2008).

Further, the allegations in the complaint "must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and the complaint must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A "shotgun pleading" --one in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief"-- does not comply with the standards of Rules 8(a) and 10(b). <u>Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty. Coll.</u>, 77 F.3d 364, 366-67 (11th Cir. 1996). The Eleventh Circuit

has repeatedly condemned and denounced the practice of filing shotgun pleadings. <u>See</u> <u>e.g.</u> <u>PVC Windoors, Inc. Babbitbay Beach Constr. N.V.</u>, 598 F.3d 802, 806 n.4 (11th Cir. 2010)("Shotgun pleadings impede the administration of the district courts' civil dockets in countless ways.").

Where a more carefully drafted complaint might state a claim, a pro se plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." <u>Bryant v. Dupree</u>, 252 F.3d 1161, 1163 (11th Cir. 2001).

The Complaint is deficient as drafted, inter alia, because it is devoid of jurisdictional allegations, fails to set forth either factual or legal allegations which are sufficient to state a cause of action upon which a claim may be based, and because it is a shotgun pleading. In addition, it is not organized in numbered paragraphs or specific "counts" against the enumerated Defendants. Although the Court has construed the Complaint broadly due to Bittar's pro se status, the Court comes to the ultimate conclusion that the Complaint is subject to dismissal. However, in the interest of fairness, the Court will allow Bittar to amend the Complaint, on or before March 23, 2015. Any failure to timely file an amended complaint will result in the dismissal of the

4

action and case closure.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Complaint is dismissed without prejudice.

(2) Bittar is granted leave to file an Amended Complaint on or before **March 23, 2015**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>12th</u> day of February, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:   All Parties of Record

5